(115 App. Div. 578)

## SCHEIB v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department.    November 16, 1906.)

NEGLIGENCE—IMPUTED NEGLIGENCE.

The negligence of the driver of a team, with which a street car collided through negligence of the motorman, will not be imputed to an occupant of the team injured by the collision, though he and the driver were engaged in a common employment; he not having done or attempted to do anything to influence the driver.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 147–150.]

Appeal from Trial Term, Westchester County.

Action by Albert Scheib, an infant, by Joseph Scheib, his guardian ad litem, against the New York City Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Charles F. Brown (Bayard H. Ames, on the brief), for appellant.

Thomas J. O'Neill (Joseph A. Shay, on the brief), for respondent.

WOODWARD, J.   The plaintiff in this action was injured in a collision between an electric car of the defendant and a wagon in which the plaintiff was riding, but which was driven by another person. The principal question presented by this appeal is whether the learned trial court erred in charging the jury, as requested in behalf of the plaintiff:

"That if the plaintiff conducted himself with due care, and the accident was caused by the negligence of the defendant's motorman, the defendant would be liable, even though the driver of the wagon was also concurrently negligent."

It is contended in behalf of the appellant that, inasmuch as the testimony showed that the plaintiff and the driver of the wagon were engaged in a common employment, this instruction was erroneous as in conflict with the law as laid down in the case of Donnelly v. Brooklyn City R. R. Co., 109 N. Y. 16, 15 N. E. 733.   We are of the opinion, however, that there is a distinction between the Donnelly Case and the case at bar.   In the Donnelly Case it distinctly appeared from the evidence that both the plaintiff and the driver were engaged in the management and directing the control of the wagon.   Here there is no proof whatever that the plaintiff did anything or attempted to do anything to influence the conduct of the driver.   This distinction has heretofore been pointed out by this court in Bailey v. Jourdan, 18 App. Div. 387, 46 N. Y. Supp. 399; and in McCormack v. Nassau Electric R. R. Co., 18 App. Div. 333, 48 N. Y. Supp. 1108, this court also laid down the rule which it supposed to be applicable to accidents of the same character as that involved in the present case—a rule which still seems to us readily reconcilable with the opinion of Gray, J., in the

Donnelly Case, when the facts which were under consideration in that case are clearly understood.

There is no other question which calls for discussion, and the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.