(55 Misc. Rep. 216)

## DOCTOROFF v. METROPOLITAN ST. RY. CO.

### (Supreme Court, Appellate Term.   June 27, 1907.)

**1. STREET RAILROADS—INJURY TO TRAVELERS—QUESTION FOR JURY.**

In an action for injuries to plaintiff while riding on a truck by a rear-end collision between the truck and one of defendant's street cars, evidence *held* to require submission of the question of defendant's negligence to the jury.

**2. SAME—RIGHTS IN STREET.**

A street railroad company, though entitled to a paramount right of way over the portion of the street on which its rails are laid, has not such exclusive right to its tracks as to permit it to negligently run into a truck, without giving the driver thereof a reasonable opportunity, in the exercise of reasonable care, to get off the track.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Street Railroads, § 193.]

**3. SAME—DUTY TO STOP.**

The motorman of a street car was under no obligation to stop the car in order to prevent a collision with a truck, unless he saw, or should have seen in the performance of his duty to take notice of existing conditions, that there was danger of collision.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 172–176.]

**4. NEGLIGENCE—CONCURRENT NEGLIGENCE.**

Where plaintiff, while riding on a truck with his employer, was injured in a collision between the truck and defendant's street car, defendant, having been negligent, could not escape liability for plaintiff's injuries, though plaintiff's employer, who was driving the truck, was concurrently negligent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 147–150.]

**5. SAME—IMPUTED NEGLIGENCE.**

Where the servant was riding on a truck driven by his master at the time of the servant's injury in a collision between the truck and one of defendant's street cars, the negligence of the master, if any, was not imputable to the servant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 147–150.]

Appeal from City Court of New York, Special Term.

Action by Benjamin Doctoroff against the Metropolitan Street Railway Company.   From a City Court judgment, dismissing the complaint at the close of plaintiff's case, defendant appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Henry L. Slobodin, for appellant.

Henry A. Robinson (Bayard H. Ames and Vine H. Smith, of counsel), for respondent.

PLATZEK, J.   The action is to recover damages for personal injuries, alleged to have been sustained by the plaintiff in consequence of a rear-end collision between one of defendant's south-bound cars and a wagon in which plaintiff was riding.   The plaintiff was not the owner of the team or wagon, but was only an employé of the driver.

It was substantially proven on the trial that on December 19, 1901, about 2 o'clock in the afternoon, plaintiff was riding in a wagon belonging to his employer, Oscar Lustig, who was driving the wagon, which was proceeding downtown, and at the time of the accident was on the defendant's downtown railway track on Eighth avenue, New York City; that the three men were sitting on the seat of the wagon; that in the neighborhood of and between Seventy-Fourth, Seventy-Fifth, and Seventy-Sixth streets the sound of a bell of a car behind was heard, and Lustig, the driver, immediately proceeded to turn his horses and wagon to the west side of the avenue, in order to get off the track and allow the car to pass; that before the wagon had time to get off the track it was struck violently by the car in the rear. It was shown that the wagon was on the tracks only two or three minutes, and for the distance of a block or so, before the accident occurred; that on that day there was heavy snow on the ground; that the road was very slippery; that there were other wagons on the track in front of Lustig's wagon when the accident occurred; that the horses and the front of the wagon were off the track when the car struck the wagon in the rear, hitting the right rear wheel, and upsetting the wagon. The defendant's car struck the rear of the wagon with such force as to upset it, and throw the three men to the street in the snow on the ground, with the wagon on top of them. Because of the plaintiff's injury, he had to be assisted to his home.

The plaintiff was entitled to the benefit of every fact in the evidence adduced by him and to all inferences warranted thereby. There is no evidence that the plaintiff looked for the car behind, or as to the speed of the car or that of the wagon. There is no direct proof as to the conduct of the motorman, or the operation of the car, until immediately prior to the collision. There is a reasonable inference that the motorman saw the wagon, evidenced by the noise of the bell, which attracted the attention of the driver of the wagon. The defendant company had the paramount right of way over the portion of the street on which its rails were laid, but not such exclusive right to its tracks as to permit it to run into a wagon on its tracks heedlessly. There is no evidence that when the plaintiff turned from the track, at about the time of the collision, the car could or could not have been stopped in time to avoid the collision, when it became or should have become apparent to defendant's motorman that there was danger of collision with the wagon, as the driver was leaving it. The driver was entitled to a reasonable opportunity to get off the track, and to the exercise of reasonable diligence in the attempt to do so. There was no obligation on the motorman to take steps to stop the car until he saw or should have seen danger of collision, but it was the duty of the motorman to take notice of existing conditions. Did the motorman see the wagon, and was the bell given timely enough to enable the driver to leave the track with safety? The testimony shows that the horses and the front part of the wagon had crossed, and that the car struck the right rear wheel so forcibly as to upset it and precipitate the three occupants to the ground. Can it be said, on the uncontradicted evidence here, that the defendant's servant in charge of the car was not negligent as matter of law under these circumstances?

As the testimony stood at the close of the plaintiff's case, when the complaint was dismissed, there was more than a scintilla of evidence. In fact, there was sufficient proof to submit to the jury the question whether there was or was not negligence on the part of the defendant. The testimony discloses that the plaintiff was not the owner or driver, but the employé of the owner and driver. Contributory negligence of the driver will not excuse the defendant, nor can it be imputed to the plaintiff. There is no proof whatever that the plaintiff did anything, or attempted to do anything, either to control, direct, or to influence the conduct and action of the driver. If the plaintiff conducted himself with due care, and the accident was caused by the negligence of the defendant's· motorman, the defendant cannot escape liability, even though the driver of the wagon was concurrently negligent. The record fails to disclose want of care on the part of the plaintiff, or that he was not alert to avoid injury. In Bailey v. Jourdan, 18 App. Div. 387, 46 N. Y. Supp. 399, it was held that the negligence of a driver in attempting to cross a railroad track in front of an approaching engine cannot be imputed to his companion he having no control over the driver. In the present case it must be remembered that the driver was the owner of the team and wagon, and that the plaintiff was his employé, and did not control the action of his employer. In Demarest v. Forty-Second St. Ry. Co., 104 App. Div., at page 505, 93 N. Y. Supp. at page 665, Mr. Justice McLaughlin says:

"The rule has long been settled * * * that a third person who is injured by the negligence of two or more persons, he himself being free from negligence, may maintain an action against them jointly or severally to recover the damages sustained ; * * * and, when such action is brought, a defendant cannot successfully defend the same on the ground that the negligence of another contributed to the injury."

Scheib v. N. Y. City Ry. Co., 115 App. Div. 578, 100 N. Y. Supp. 986, is authority for the proposition that a person riding on a wagon, who conducts himself with care, can recover for an injury received in a collision with a surface car, caused by the negligence of the motorman, although the driver of the wagon was concurrently negligent; and the fact that the plaintiff was engaged in a common employment with the driver is immaterial, where there is no proof that he had any control over the wagon, or attempted to influence the driver. It follows, from the foregoing, that the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.