Benedict DI BARI, Nicholas Rubin, also known as Abraham Nicholas Rubin, and Samuel Castellano, Plaintiffs-Appellants,

v.

FISH TRANSPORT CO., Inc., and James J. Smith, Jr., Defendants-Appellees.

No. 56, Docket 25828.

United States Court of Appeals Second Circuit.

Argued Jan. 7, 1960.

Decided Feb. 25, 1960.

Hyman A. Hochman, New York City (David Buchman, New York City, on the brief), for plaintiffs-appellants.

William L. Shumate, New York City (Cusack, Shumate & Geogham, New York City, on the brief), for defendants-appellees.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

Plaintiffs brought this diversity action to recover for personal injuries and property damage suffered when Castellano's truck, driven by DiBari, and in which Rubin was riding, collided with a truck belonging to defendants. The jury rendered a verdict for defendants, and plaintiffs brought this appeal, claiming several errors in the conduct of the trial and in the charge of the court. The only allegations of error which we regard as possessing any merit relate to the cross-examination of DiBari and the court's

failure properly to charge on the doctrine of imputed negligence.

 Appellants claim that the certain questions put by defendants' counsel during the cross-examination of DiBari improperly implied that DiBari had suffered a previous injury to his foot in 1952, four years prior to the accident in question. As DiBari conceded that he "probably did" suffer such an injury, we cannot see how it could have been error to have asked these questions. Nor do we think that defendants' counsel was under any obligation to further pursue this line of questioning. Upon redirect examination, appellants' counsel could have explored this line of inquiry to demonstrate the absence or nature of the prior injury. Moreover, counsel might have resolved the situation by requesting the court to require a showing of the basis for the line of inquiry pursued by defendants' counsel. In any event, since this line of inquiry related primarily to the extent of DiBari's damages, we doubt that it could have measurably affected the jury's verdict for the defendants on the question of liability.

As to the judge's charge to the jury, we find error as to Rubin which requires reversal of the verdict against him. Concededly, the judge should have charged the jury in accordance with the governing New York law, that while the contributory negligence of DiBari, the driver, would bar recovery by him and Castellano, the owner of the truck, it would not bar recovery by Rubin, a helper riding in the truck. Doctoroff v. Metropolitan St. Ry. Co., 1907, 55 Misc. 216, 105 N.Y.S. 229; Restatement, Torts §§ 485, 491 Comment (d) (1934).

Thus the only question before us is whether counsel sufficiently advised the court of this principle of law. The court charged the jury that if it found DiBari guilty of contributory negligence it should find for the defendants. At the conclusion of the charge, plaintiffs' counsel took exception "to that portion of your Honor's charge wherein you stated that if the jury found the plaintiff DiBari guilty of contributory negligence that the other plaintiffs could not recover." The court overruled the exception and gave no further charge. We think this exception was sufficiently explicit to comply with Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A.,[1] at least where as here the court was sitting in the state of the governing law. It was thus reversible error for the trial judge not to instruct the jury that DiBari's contributory negligence would not bar recovery by Rubin.

Affirmed as to DiBari and Castellano; reversed as to Rubin.

---

1. "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections."