Mary HOROWITZ, Samuel C. Horowitz, Bruce Harvey Horowitz, an infant under the age of 14 years, by Samuel C. Horowitz, his Guardian ad Litem; and Mona Lee Horowitz, an infant under the age of 14 years by Samuel C. Horowitz, her Guardian ad Litem, Plaintiffs-Appellants,

v.

Helen B. SOLOMON and Mark Solomon, an infant over the age of 14 years, Defendants-Appellees.

No. 84, Docket 26329.

United States Court of Appeals
Second Circuit.

Argued Nov. 15, 1960.

Decided Nov. 23, 1960.

Abraham Moskowitz, Lindenhurst, L. I., N. Y., for plaintiffs-appellants.

John G. Reilly, New York City (Peter E. DeBlasio, Reilly & Reilly, New York City, on the brief), for defendants-appellees.

Before LUMBARD, Chief Judge, and WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

Samuel Horowitz, his wife and two infant children, all citizens of New York, sued Helen Solomon and her son Mark, citizens of Connecticut, for damages sustained in an intersection collision in the Borough of Queens between automobiles, one driven and owned by Horowitz, the other owned by Mrs. Solomon and driven by her son, Mark. Mrs. Solomon counterclaimed for damage to her car. On a special verdict finding that Mark Solomon was not negligent, that Horowitz was negligent and that his negligence was

the proximate cause of the damage to the Solomon automobile, judgment was entered for the defendants on the main claim and for Mrs. Solomon on the counterclaim.

■ There was sufficient evidence to support each[1] of the jury's findings. The accident occurred at a crossing where there were no traffic controls and each driver claimed that he had entered the intersection before the other and that, therefore, the other was negligent in failing to stop. The jury was entitled to resolve the conflict in favor of defendant Solomon particularly since the testimony of plaintiff Horowitz, supported by his wife and a passenger, that he had stopped before entering the intersection and again before being hit was challenged by evidence that forty feet of tire marks led to the rear wheels of the Horowitz car which had remained at the point of impact.

■■ The plaintiff-appellant contends that a new trial is necessary because of the admission of a local traffic policeman's testimony that traffic on Laurel Hill Boulevard, the road used by the Solomon car, was five or six times as heavy as that on Horowitz's road, 66th Street. The gravamen of appellant's argument is that the question of due care in intersection collisions can be resolved only by deciding who had the right of way under § 71 of the New York City Traffic Law, the text of which is set forth in the margin,[2] and that § 71 makes no reference to the relative incidence of traffic upon intersecting roads. The argument fails with its major premise. In New York the violation of a municipal ordinance is not negligence *per se* but merely evidence of negligence, and so it has been held from the earliest cases involving intersection accidents where one automobile had the right

of way under an ordinance, Ward v. Clark, 232 N.Y. 195 (1921), Southcombe v. Coyle, 8 N.Y.S.2d 551 (1938). The likelihood that an automobile will emerge from an intersecting roadway is a factor in determining the speed with which it is reasonable to approach an intersection.

The other assertions of error are without merit.

Affirmed.

---

1. The finding that Mark Solomon was not negligent must be reviewed because under New York law the driver's negligence is not imputed to his wife or children. This was stipulated below. Cf. DiBari v. Fish Transport Co., Inc., 275 F.2d 280 (2d Cir.1960).

2. "The driver of a vehicle approaching an * * * [uncontrolled intersection] shall yield the right of way to a vehicle which has entered the intersection from a different highway and to a vehicle approaching from the right which is so close as to constitute an immediate hazard."