## IN THE MATTER OF THE ESTATE OF WILLIAM HEEB, DECEASED.

### No. 1353.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT. HON. J. T. DeBOLT, JUDGE.

ARGUED MAY 2, 1922.                    DECIDED AUGUST 18, 1922.

PETERS, C. J., EDINGS AND PERRY, JJ.

NEW TRIAL—*insufficiency of evidence.*

An exception to a verdict upon the ground that it was contrary to the evidence and the weight of the evidence challenges the sufficiency of the evidence to sustain the verdict.

WILLS—*validity—undue influence.*

To sustain the claim of undue influence it must appear that the influence exercised amounted to fraud or coercion or the substitution of another's will for that of the testator. Evidence short of this will not suffice.

NEW TRIAL—*insufficiency of evidence.*

Where the evidence failed to sustain a verdict of the jury for contestants upon an issue of undue influence exercised upon the testator at the time of the execution of his will the trial court properly set aside the verdict and ordered a new trial.

OPINION OF THE COURT BY PETERS, C. J.

This cause involves the contest of the will of the late William Heeb. A copy of the will is not included in the record but it would appear from the decision of the trial court upon the motion for a new trial that "the deceased devised the bulk of his estate to his widow (naming her as sole executrix), bequeathing, however, to each of his four children the sum of one hundred dollars and further directing that in the event he should survive his wife (Lucy Heeb) his children were to have and enjoy his en-

tire estate, share and share alike." Two of his children resisted the probate of the will. The will was admitted to probate and contestants appealed to the court with a jury. Pursuant to law four issues were framed for determination by the jury and in response thereto it found two of the issues in favor of the contestants. The issue "Was William Heeb, deceased, under the undue influence of Lucy Heeb at the time he executed the alleged will" was answered by the jury in the affirmative; the issue "Was the execution of the alleged will of William Heeb, deceased, the voluntary act of said William Heeb, deceased" in the negative. We take it that the latter issue was the complement of the former.

Upon motion by the proponent the court set aside the verdict and granted a new trial upon the ground of the insufficiency of the evidence to support the finding of undue influence. That is the only question raised here.

There seems to be some confusion in the minds of counsel as to the effect of proponent's exception to the verdict upon the ground that it was contrary to the evidence and the weight of the evidence. Neither the trial court nor this court is authorized to set aside a verdict on the sole ground that the verdict is against the preponderance of the evidence. When the verdict is supported by substantial evidence, and in this jurisdiction the word "substantial" has been defined as "more than a mere scintilla of evidence," the verdict must stand. Any other rule would mean an invasion of the right of trial by jury and judges, and not juries, would be the ultimate arbiters of the facts. But where there is not sufficient evidence to sustain a verdict it is contrary to the evidence and the weight of the evidence. An exception to a verdict to this effect challenges the sufficiency of the evidence to sustain it. Upon a motion for a new trial incorporating such exception the trial court is obligated to examine the rec-

ord and determine whether the evidence is sufficient in law, in contradistinction to sufficiency in fact, to sustain the verdict.

On the other hand there is no dispute between counsel as to the law involved on the issue of undue influence nor to its application to the facts. Moreover, the opinion of this court in *Re Will of Chas. Notley,* 15 Haw. 435, contains such a splendid exposition of the law of wills in respect to their invalidity as a result of undue influence exerted upon the testator as to obviate the necessity of repetition here.

Nor in this class of cases, depending as they do entirely upon the evidence adduced, can it serve any useful purpose to recapitulate the evidence and preserve the history of family estrangement. Suffice it to say that we have carefully examined the record and giving to the contestants the benefit of all evidence adduced in their favor as well as all inferences that a jury might reasonably draw therefrom we fail to find as a matter of law that sufficiency of the evidence that the law demands to sustain a verdict. To sustain the claim of undue influence it must appear that the influence exercised amounted to fraud or coercion destroying free agency, or the substitution of another's will for that of the testator so that the product is not that of the testator. Evidence short of this will not suffice. The court properly ordered a new trial.

We have examined the other exceptions alleged and find them to be without merit.

The exceptions are overruled.

*B. S. Ulrich (Thompson, Cathcart· & Ulrich* and *E. H. Beebe* on the brief) for proponent.

*W. B. Pittman (Andrews & Pittman* on the brief) for contestants.