No. 16,816.

RIDLEY *v.* YOUNG.
(253 P. [2d] 433)

Decided February 2, 1953.

Mr. WALTER H. ANDERSON, for plaintiff in error.

Mr. SID PLEASANT, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

WE will herein refer to the parties by name.

V. L. Ridley brought suit in the district court of Rio Blanco county against William F. Young, seeking recovery of damages allegedly sustained for personal injuries, loss of wages, and hospital and doctor bills, in the total sum of $56,501.00.

It was alleged in the complaint that Ridley and Young were brothers-in-law; that they had undertaken to drive from Rangely, Colorado, to Amarillo, Texas, to attend the funeral of one T. C. Young, deceased brother of defendant Young; that about fourteen miles south of Pueblo, Colorado, while Young was driving the car at a "high, dangerous and excessive" rate of speed, the right front wheel of the car locked causing the car to overturn several times; and that Ridley was seriously injured as a result. It further was alleged that prior to the time the trip was undertaken by the parties, Young, who was the owner of the car, knew that the brake on the right front wheel was "grabbing," and that he had placed oversize tires on the front wheels of the car,

which contributed to the "grabbing" or tightening up of the brake on the right front wheel.

Defendant Young filed an answer consisting of a general denial and affirmative defenses based upon the guest statute, the doctrine of unavoidable accident, and contributory negligence. In the last mentioned affirmative defense it was alleged that plaintiff Ridley, and not Young, was driving the car at the time of the accident.

The issues were tried to a jury before the Honorable John R. Clark, then district judge, and the verdict was in favor of defendant. Judgment was entered on the verdict, and motion for a new trial was denied by the successor judge, Clifford H. Darrow. Ridley, seeking a reversal of this judgment, brings the case here by writ of error.

Prior to the date of trial, interrogatories were submitted to defendant Young under rule 33, R.C.P. Colo., and the answers thereto were generally consistent with the testimony thereafter given by plaintiff Ridley upon the trial. Young admitted that he was driving the car at a high rate of speed; that the front wheel locked and the car turned over; and that for thirty days he had known about the defect present in that regard, but hadn't done anything about it. He did not appear in person at the trial. The interrogatories and answers containing these admissions were introduced in evidence by Ridley.

Evidence, offered by counsel for defendant Young, of two eye-witnesses to the accident and of other persons who arrived upon the scene within a few moments thereafter, tended strongly to prove that Ridley, the plaintiff, was driver of the car and that Young was asleep in the back seat when the accident occurred.

Counsel for Ridley now contends that the trial court erred in admitting testimony of the witnesses to the accident who contradicted the statements made by defendant Young in his answers to the interrogatories; that the trial court erred in instructing the jury upon the issue of unavoidable accident; and that error was committed

in instructing the jury upon the subject of an error of judgment by defendant Young in an emergency requiring instantaneous action.

Questions to be Determined.

■ First: *Where a defendant, in an action to recover damages for personal injuries, answers interrogatories under Rule 33 R.C.P. Colo. and therein makes admissions against his own interest and thereafter does not appear upon the trial, and plaintiff offers the answers to the interrogatories in evidence; must the trial court reject the evidence of witnesses to the accident, who are called by counsel appearing for defendant, if the testimony of such witnesses contradicts the statements of defendant as contained in the answers to the interrogatories?*

This question is answered in the negative. On behalf of Ridley it is contended that the answers made by Young to the interrogatories amount to judicial admissions, and that defendant Young is bound thereby and cannot contradict or impeach his own statements by offering witnesses to testify that his answers were false. The rule relied on is stated in *Wiget v. Becker,* 84 F. (2d) 706, as follows: "A judicial admission has been held to be conclusive on the party by whom it was made, or to whom it was attributable." Counsel for Ridley cites numerous authorities in support of this general proposition. Rule 26 C (f) R.C.P. Colo. provides in part, "At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party." This rule was made applicable to Rule 33 R.C.P. Colo. by the language of the 1951 amendments by which it is provided: "Interrogatories may relate to any matters which can be inquired into under Rule 26 (b), and the answers may be used to the same extent as provided in Rule 26 (d) for the use of the deposition of a party."

■ ■ Answers made by a party to interrogatories submitted by his adversary are not evidence in a cause

until introduced as such during the course of trial. When such answers are introduced in evidence they stand on the same plane as other evidence and may be treated as admissions against interest. *New England Terminal Co. v. Graver Tank & Mfg. Corporation,* 1 F.R.D. 411. While the answers in the instant case were made by defendant Young they were offered as part of plaintiff Ridley's case just as any other statement against interest might have been received in evidence. In 20 Am. Jur., p. 1048, we find the following pertinent statement: "Admissions are rarely, if ever, conclusive of the facts stated, but are open to explanation and contradiction. They should be considered by the jury together with all the evidence presented, and such weight should be given to them as they appear to be entitled to receive in view of all the circumstances attending the making thereof."

In *Bochicchio v. Petrocelli,* 126 Conn. 336, 11 A. (2d) 356, is the following significant language: "An answer filed by a party to an interrogatory has the same effect as a judicial admission made in a pleading or in open court. It relieves the opposing party of the necessity of proving the fact admitted [citing authorities]; but it is not conclusive upon him and will not prevail over evidence offered at the trial. [citing authorities]"

In *Duff v. Webster,* 315 Mass. 102, 51 N.E. (2d) 957, we find the following language: "The plaintiff is bound by his own testimony adverse to him only in so far as it is not contradicted by favorable evidence from some other source."

In *Jackson v. Farmers Union Livestock Commission,* 238 Mo. App. 449, 181 S.W. (2d) 211, it was argued that plaintiff was conclusively bound by a statement in his deposition that the terms of the contract, "were all agreed on at Linneus." Upon the trial he was permitted to testify to facts contrary to the implication of the statement in the deposition. The appellate court said, "Plaintiff is not conclusively bound by what he said in his deposition."

In *Foster v. Montgomery Ward & Co.,* 24 Wash. (2d) 248, 163 P. (2d) 838, the court held that the defendant was not conclusively bound by answers to interrogatories and was permitted to offer testimony at variance with said answers.

There are numerous decided cases from various jurisdictions dealing with the question as to whether admissions contained in pleadings, those appearing in the testimony of a party upon the trial, and those made in various other ways, are conclusive against persons making them. It is impossible to harmonize these decisions. Those within a given jurisdiction are frequently not reconcilable, as may be seen by comparing *Daniels v. Stock,* 21 Colo. App. 651, 126 Pac. 281, with *Southworth v. Huffaker, Adm'x,* 79 Colo. 364, 246 Pac. 261. In the former case a defendant was held not to be conclusively bound by an unqualified admission contained in the answer, while in the latter case our court held that a defendant's answer, "alleged her own turpitude, and this she cannot gainsay, and it is conclusive as to her guilty participation in the fraud."

There is much division in the authorities upon the question as to whether a party to an action is conclusively bound by his own testimony upon the trial. If grounds exist for holding the deposition or testimony of a party, and an express admission of a pleading, not to be conclusive against the party making the admission, it would seem to follow that answers to interrogatories propounded primarily for the purpose of discovery and to prevent surprise should not be held to be irrevocably binding upon the person making said answers. A comprehensive analysis of the question appears in *Sutherland v. Davis,* 286 Ky. 743, 151 S.W. (2d) 1021, from which we quote the following:

"Admissions are divided into 2 classes which are designated in Wigmore in his work on evidence as (1) quasi admissions and (2) judicial admissions. A quasi admission is an act or utterance, usually extra-judicial, which

creates an inconsistency with, and discredits to a greater or lesser degree, the present claim, or other evidence, of the person creating the inconsistency; and the person who enacted or uttered it may nevertheless disprove its correctness by the introduction of other evidence. But a judicial admission is conclusive, in that it removes the proposition in question from the field of disputed˙issue, and may be defined to be a formal act done in the course of judicial proceedings which waives or dispenses with the necessity of producing evidence by the opponent and bars the party himself from disputing it; and, as a natural consequence, allows the judge to direct the jury to accept the admission as conclusive of the disputed fact. Wigmore on Evidence, 3rd Edition, Vol. 4, Sections 1058, 1059, pages 20 and 21; Vol. 9, Sections 2588-2590, inclusive, pages 586, 587.

"Estoppels, demurrers, and similar admissions have universally been held to be judicial admissions but whether the testimony of a party to an action given on the trial of the case shall be so classified in all cases has been the subject of dispute.

"We believe the law to be that admissions fatal to his cause given in the testimony of a party to an action on the trial of the case should be viewed in the light of all the conditions and circumstances proven in the case; and unless all such circumstances and conditions give rise to the probability of error in the party's own testimony, he should not be permitted to avert the consequences of his testimony by the introduction of, or reliance on, other evidence in the case."

Within the meaning of the above quotation, we hold that the answers to the interrogatories in the instant case are not such "judicial admissions" as to be conclusive against defendant Young, and the trial court did not err in receiving the evidence to which plaintiff Ridley objected.

■ Second: *Did the trial court err in instructing the jury upon the defense of unavoidable accident?*

This question is answered in the negative. No objection is made to the substance of the instruction given by the court upon the defense of unavoidable accident. It is argued that there was no evidence warranting the submission of that question to the jury. With this contention we cannot agree. Logical inferences might have been drawn from the evidence to the effect that the accident was caused by conditions over which the driver had no control, and concerning which he had no knowledge. This evidence was offered by witnesses other than defendant Young, and tended to dispute his statement as to the cause of the accident as set forth in the answers to interrogatories. Since we have held such evidence to be admissible in this case it was sufficient to require submission of the issue of unavoidable accident to the jury.

▪ Third: *Did the court err in instructing the jury upon the subject of faulty judgment on the part of a person faced with a sudden emergency not created by his own negligence?*

This question is answered in the negative. The instruction given by the court was as follows: "You are instructed that a person suddenly realizing that he is confronted by an emergency not created by his own negligence, is not to be charged with negligence for an error of judgment when practically instantaneous action is required. So, in this case, if you believe from the evidence or a preponderance thereof that a tire blew out on the car in which the plaintiff and the defendant were riding immediately prior to the accident and by reason of this fact the defendant was confronted by an emergency which was not created or contributed to by the defendant's negligence and that the defendant used ordinary care in seeking to avoid the accident, then it is your duty to find for the defendant."

No objection was made to the substance of this instruction. The point relied on is that there was no evidence to justify giving it. Suffice it to say that there is

ample competent evidence to warrant the conclusion that the driver of the car was confronted with an emergency situation not created by him. The giving of the instruction was not error.

The judgment accordingly is affirmed.

MR. JUSTICE HOLLAND and MR. JUSTICE CLARK not participating.