## COUTO v. UNITED FRUIT CO.
### No. 182, Docket 22566.

United States Court of Appeals
Second Circuit.

Argued March 3, 1953.

Decided March 27, 1953.

Burlingham, Hupper & Kennedy, New York City (Eugene Underwood, Ray Rood Allen and Benjamin E. Haller, New York City, of counsel), for appellant.

William A. Blank, Brooklyn, N. Y., for appellee.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

This was a suit by plaintiff, a seaman, under the Jones Act, 46 U.S.C.A. § 688, for injuries sustained while serving on defendant's ship. At the trial by judge and jury, there was evidence as follows: Plaintiff was directed by the boatswain to "slush" the stays, i. e., to apply a preservative compound to steel cables permanently installed between the ship's side at deck level and

a point on the masts about forty-five feet above the deck. To do this work, plaintiff used a "bosun's chair," *i. e.,* a board used as a seat, with short lengths of rope fastened to each corner. These were joined together, to form a bridle, at the upper end of which there was a loop or "eye." To suspend the "bosun's chair," plaintiff placed over the stay a U-shaped shackle, the open ends of which could be closed by a threaded pin. Plaintiff testified that he inserted this pin through the eye at the upper end of the bridle, and thus attached the bridle and chair to the shackle. The shackle was free to slip up and down from the top of the stay to a point about five feet above the deck, where there was a turnbuckle on the stay which was too large to permit passage of the shackle.

Plaintiff testified that he passed a rope, or gantline, through a block attached to the mast near the top of the stay and secured one end of the gantline to the bridle of the bosun's chair. By pulling on the loose end of the gantline, as he stood on the deck, plaintiff raised the bosun's chair to the upper end of the stay. He then ascended the mast by a ladder, carrying a bucket of "slush," and seated himself in the bosun's chair, holding it in position by securing the pay-away end of the line to the bridle. The bucket of "slush" was suspended from the bosun's chair by a short line. After slushing each section of the stay within reach, plaintiff would lower himself a short distance by loosening and paying out part of the pay-away end of the line. When plaintiff had thus lowered himself to a point a few feet above the deck, he fell to the deck.

Plaintiff testified that the only cause of his fall was that the rope which had supported the chair broke, allowing the chair and shackle to slide down to the point where it caught on the turnbuckle. He also testified that the rope was old and unsuitable.

This defendant's witnesses denied. Defendant produced and offered in evidence what it claimed was the rope actually used; it was unbroken.

In the charge to the jury, the judge included the statement that "if the rope furnished Mr. Couto was unsafe for the purpose of its intended use in the rigging employed in slushing down the stays, or *if there was insufficient assistance for and improper supervision of that operation, then you will find that the defendant did not provide a seaworthy ship,* regardless of whether or not you find the defendant to have been negligent."[1]

■ The words we have italicized state a wholly incorrect rule. We think defendant's attorney sufficiently called this error to the judge's attention[2] when the attorney, after the charge, said, "Also, may I ask your Honor to charge one thing, that in spite of the fact that an old rope might have been issued, if that rope didn't break, there is no unseaworthiness." The judge denied this request on the ground that it had already been covered by his charge. We cannot agree. As the verdict was tainted by this error, there must be a new trial.[3]

■ Defendant contends that there was error in that the amount of the verdict exceeded the *ad damnum.* We think not. See Rule 54(c); Fanchon & Marco v. Paramount Pictures, 2 Cir., 202 F.2d 731; Clark, Code Pleading (2d ed. 1947) 265–273. Defendant also argues that the trial judge erred in receiving evidence, offered by plaintiff, outside the scope of the pre-trial order. Since there must be a new trial, we have not considered this alleged error; and we assume that, to avoid any question, plaintiff will now take steps to procure a modification of the pre-trial order.

Reversed and remanded.

1. Emphasis added.

2. See Rule 51, F.R.C.P. 28 U.S.C.A.

3. After the jury had deliberated for several hours, they returned to the courtroom and asked a repetition of the charge. The judge complied. Defendant's counsel then excepted to certain parts of the charge but did not, by exception or request, again object to the portion of the charge we have quoted in such a way as to call the judge's attention to the error. We think that this did not cure that error. Cf. Keen v. Overseas Tankship Corp., 2 Cir., 194 F.2d 515, 519.