IN THE MATTER OF THE ESTATE OF
MARGARET MEW LEN CHING, DECEASED.

No. 4102.

OCTOBER 19, 1962.

TSUKIYAMA, C.J., CASSIDY, WIRTZ AND LEWIS, JJ.,
AND CIRCUIT JUDGE JAMIESON
ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY CIRCUIT JUDGE JAMIESON.

Contestants appeal from probate of a will.
On November 25, 1952, Margaret Mew Len Ching

signed the will in question. To her children by her first husband she left the following sums: Nancy $1,000.00, Thelma $1,000.00, Charles $500.00, and Hilda $200.00. To her children by her second husband, Alfred and Audrey, she left her clothing and jewelry, and, "SUBJECT, HOWEVER, to the life interest of my beloved husband, CHARLES FAT CHING, for the period of his natural life," the rest of her estate, mainly a small apartment house.[1]

At the jury trial, Mr. Hiram Fong testified that at her home on November 24, 1952, Mrs. Ching told him what she wanted in her will; that as her attorney he had the will prepared accordingly; and that on November 25, 1952, after he explained the will to her, she expressed her approval of the will, declared it to be her will, and executed it as her will before him and his secretary, who signed it as attesting witnesses.

On February 10, 1953, Mrs. Ching died. Her widower, Mr. Ching, named executor in the will, presented the will for probate. Nancy, Thelma, Charles and Hilda filed a caveat and protest against the probate. After a hearing, the probate judge admitted the will to probate. Contestants appealed to the circuit court and demanded a jury trial. In the trial the jury found the will valid and answered the interrogatories as follows:

"1. Did the provisions of said Will which distributed and disposed of the property of Margaret Mew Len Ching substantially differ from her instructions as a whole to her attorney, Hiram L. Fong? ....... No.

---

[1] In this opinion: Mrs. Ching is Margaret Mew Len Ching; Mr. Ching is Charles Fat Ching, her second husband; proponent is Mr. Ching; and contestants are Mrs. Ching's four children by her first husband.

During the appeal, Mr. Ching died and the administrator de bonis non of the estate of Mrs. Ching was substituted. The administrator of Mr. Ching's estate was also substituted. Contestants denied that Mr. Ching in his personal capacity was ever a party; but we have concluded that he was.

"2. Was Margaret Mew Len Ching of sound and disposing mind and memory when she executed her said Will? . . . . . . . Yes.

"3. Was Margaret Mew Len Ching under the undue influence of Charles Fat Ching when she executed her said will so that said will was not her own free act? . . . . . . . No."

Contestants list eight specifications of error. As explained below, all are without merit.

*Specification of Error No. 1.* Contestants claim that the court erroneously refused to give the jury contestants' requested Instructions Nos. 1, 3, 4, 6, 12, 13 and 16. These instructions related to undue influence and mistake. They were all defective: they assumed the truth of controverted facts, lacked support from the evidence, misleadingly emphasized part of the evidence, were contrary to the evidence or the law, or were likely to confuse the jury. Furthermore, their general subject matter was covered by given instructions. The court properly refused to give them.

*Specification of Error No. 2.* Contestants claim that over objection the court erroneously gave to the jury proponent's requested Instruction No. 14. This instruction was: "You are instructed that a presumption of validity of the will arises upon proof of the formal execution of the will by a person at a time when that person was a free agent and that it is thereafter incumbent upon the contestants to show that the will did not carry out the testatrix's instructions or that it was procured by undue influence."

Contestants agreed to the giving of five other instructions which had the same general subject matter and were no more favorable to contestants than this one. The legal principles in this one were in the other five. If this one contained error, contestants acquiesced in the error

by agreeing to the other five. They may not complain of the error now. *Glover* v. *L. K. Fong,* 42 Haw. 560. But there was no error. The instruction was correct. *Cf. Estate of Lopez,* 25 Haw. 197.

*Specification of Error No. 3.* Contestants claim that the court erroneously denied contestants' motion for a new trial. The motion raises only two questions not in other specifications of error: (a) whether the court's refusal to give the jury contestants' requested Instruction No. 14 was error; and (b) whether the jury's verdict was against the weight of the evidence and contrary to the law.

Contestants' requested Instruction No. 14 was: "If you believe from the evidence that her husband, Charles Fat Ching, has unduly influenced Margaret Mew Len Ching in executing the will drafted by Hiram Fong, dated November 25, 1952, and if you further believe from the evidence that the first will dated February 11, 1952, drafted by W. Y. Char, was in accordance with her wish and purpose, then you should find that the first will drafted by W. Y. Char is the real will of said Margaret Mew Len Ching."

The court fully instructed the jury on undue influence. The jury had questions to decide about the will of November 25, 1952, but had nothing to decide about the will of February 11, 1952. In reference to undue influence, the instruction was unnecessary; in reference to the will of February 11, 1952, the instruction was erroneous. The court properly refused to give it.

Contestants claim that the verdict was against the weight of the evidence and contrary to the law because of testimony which they say was uncontradicted: (1) testimony of Audrey that her father unduly influenced her mother; and (2) testimony of Audrey, Alfred, Rosalind Ching and Mrs. Tavares that Mrs. Ching told them, without mentioning a life interest, that under her will

her husband would get a roof over his head. This claim is without merit if there was substantial evidence on which the jury could reasonably base its verdict. See *Estate of Heeb*, 26 Haw. 538.

There was such evidence. There was evidence that, despite her illness, Mrs. Ching knowingly and effectively told Mr. Fong on November 24, 1952, what she wanted in her will, and the next day, with full knowledge and free approval of its contents, signed the will. There was evidence that Mr. Ching gave Mrs. Ching companionship and help because of her need and his being retired and at home. There was evidence that their marriage had been unhappy for many years, that she had been the dominant spouse, and that her illness made her less dominant and more dependent and, because of her greater need for Mr. Ching and his resulting greater usefulness and self-respect, made the marriage happier. The jury could reasonably infer from the evidence that even if Mrs. Ching said that under her will Mr. Ching would get a roof over his head, she was using a metaphor and knew and felt satisfied with the provisions of her will.

It is for the jury to decide what reasonable inferences should be drawn from the evidence. A jury's verdict based on substantial evidence will not be set aside on appeal. These rules sustain the verdict in this case. See *Estate of Heeb*, 26 Haw. 538.

*Specification of Error No. 4.* Contestants claim that the court erroneously sustained proponent's objection to their question to Mr. Ching whether it was important to him to know the terms of Mrs. Ching's first will in order to understand the changes in the second will. The question asked for Mr. Ching's subjective impression. It was argumentative. It related to no issue in the case. Therefore, in the proper exercise of his discretion, the trial judge sustained the objection to the question.

*Specification of Error No. 5.* Contestants claim that the court erroneously sustained proponent's objection to their asking Mr. Ching which was true, his deposition testimony that until an hour or two after the striking he did not know that it was Alfred who had struck him in the eye or his trial testimony that at the time of the striking he knew it was Alfred.

After asking Mr. Ching about his deposition testimony that an hour or two after being struck in the eye he found out Alfred did it, contestants' attorney asked Mr. Ching: "But your testimony, you said that Alfred hit you, on my cross-examination yesterday. Now which is correct?" Proponent's attorney objected to this question, on the ground that there was no inconsistency. It could be true that Mr. Ching did not know Alfred hit him until an hour or two later. Mr. Ching did not testify that he knew Alfred struck him at the time of the striking. Lack of any inconsistency between the two portions of Mr. Ching's testimony made the question improper. The court properly sustained the objection to it.

*Specification of Error No. 6.* Contestants claim that the court erroneously sustained proponent's objection to contestants' asking Mr. Ching which version in his testimony about consulting Mr. Fong was true.

Proponent's attorney objected to the question, on the ground that it inaccurately characterized Mr. Ching's testimony. Mr. Ching's testimony did not contain two versions of his consulting Mr. Fong; it contained one version of each of Mr. Ching's two separate attempts to consult Mr. Fong. The court did not sustain the objection; it suggested to contestants' attorney an effort to avoid misunderstanding because of Mr. Ching's English language difficulty. Then, without waiting for a ruling on the objection, contestants' attorney asked a different question, which the specification of error does not men-

tion. The first question was improper. The objection to it was proper. The asking of the second question withdrew the first question. There was no error.

*Specification of Error No. 7.* Contestants claim that the court erroneously sustained proponent's objection, on the ground of hearsay, to testimony of Alfred of what his mother told him about the will. This specification expressly refers to transcript pages 153-155. But these pages contain Audrey's testimony, not Alfred's.

If the specification refers to anything, it refers to the sustaining of an objection to a question to Audrey. Audrey was a witness but not a party. See *Smith* v. *Hamakua Mill Co.,* 13 Haw. 245, 248. Contestants' attorney asked her about a portion of her deposition testimony, apparently in order to impeach her. The portion was about her surprise at various matters and about a supposed statement by Mrs. Ching: "That damn husband of mine. I wouldn't give him anything. He won't get any part of my estate when I die." There was no inconsistency between this portion of her deposition testimony and her trial testimony. The court properly sustained the objection.

*Specification of Error No. 8.* Contestants claim that the court erroneously sustained proponent's objection to a question which, according to contestants' offer of proof, was to elicit testimony from Mrs. Tavares that before going to the hospital (where Mrs. Ching went on October 28, 1952) Mrs. Ching told her that all Mrs. Ching's children would share equally in her property and that her husband would have only a roof over his head. In response to similar questioning and without objection, Mrs. Tavares later testified about Mrs. Ching: "I don't remember how she exactly said it, except that she always told me whenever we did talk, and we would talk quite frankly, and even up until the time she went to the hospital, that

she would divide everything equally between her children, that her husband had a pension and that was enough for him."

Because reversible error is prejudicial error, an appellate court will not decide whether the trial court erred in sustaining an objection to a question to a witness if later in the trial, in response to similar questioning, the witness gave testimony which in effect answered the question to which the objection was sustained. This rule makes it unnecessary to decide whether the sustaining of proponent's objection was error. If it was error, Mrs. Tavares' later testimony made it nonprejudicial error.

No specification of error has been sustained. The judgment is affirmed.

*W. Y. Char* for appellants.

*Earl S. Robinson (Fong, Miho, Choy & Robinson)* for appellees.

