RAFAEL S. GUANZON *v.* ERNEST K. KALAMAU.

No. 4376.

APRIL 29, 1965.

TSUKIYAMA, C. J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

OPINION OF THE COURT BY WIRTZ, J.

Plaintiff-appellant filed this action to recover damages for personal injuries and property damage suffered as a result of defendant-appellee driving an automobile into the rear of plaintiff's automobile which was at a complete stop in obedience to a traffic signal. Defendant was driving a 1956 Packard automobile belonging to one Jukuma Tahara on Fort Street in Honolulu on April 14, 1961. As he approached the intersection of Fort and King Streets

at five miles an hour he noticed that the traffic light was against him. He applied the brakes which he said had worked perfectly up to that time but the brake pedal went all the way to the floor and the Packard rolled into the rear of an automobile driven by plaintiff who had stopped for the traffic light.

The case was tried before a jury and judgment was entered for defendant pursuant to the jury verdict. The court below denied plaintiff's motion for judgment notwithstanding the verdict or in the alternative a new trial. From this judgment plaintiff brings this appeal.

Plaintiff's theory of the case was based on negligence arising out of the doctrine of *res ipsa loquitur* and the violation of an ordinance dealing with proper maintenance of motor vehicles. Defendant claims in defense that the accident was unavoidable.

Plaintiff contends "that he was entitled to [a] directed verdict and judgment N.O.V. for the reasons that:

"(1) The inferences in his favor under the doctrine of *res ipsa loquitur*, which the court refused to apply.

"(2) The violation of the ordinance requiring adequate brakes constituted negligence as a matter of law.

"Plaintiff further urges that the court committed reversible error in instructing the jury on the law of unavoidable accident and in refusing to instruct the jury on *res ipsa loquitur*, the legal effect of the violation of the ordinance, and in [refusing] to instruct the jury that failure to use the emergency brake could constitute negligence even if the failure of the foot brake did not amount to negligence."

The seven specifications of error can be broken down into three categories and will be considered in that manner: (1) those relating to the application of the doctrine of *res ipsa loquitur*; (2) those relating to the effect on the question of negligence of the violation of an ordinance

prohibiting a person from driving a motor vehicle with such unsafe and inadequate brakes as may endanger any person on the highway, and (3) those relating to the unavoidability of the accident.

Plaintiff's reliance on the doctrine of *res ipsa loquitur* is misplaced.[1] The doctrine, where applicable, is a procedural device which operates to shift the burden of going forward with the evidence to the defendant without relieving plaintiff of the burden of proof. It relieves the plaintiff from showing any particular acts of negligence and places on the defendant the burden of explaining that the accident did not occur from want of care on his part. 61 C.J.S., *Motor Vehicles,* § 511(3)(b), p. 205.

At best, the doctrine of *res ipsa loquitur* resulting in a presumption of negligence raises a rebuttable inference which allows a plaintiff to get his case to the jury. This is well illustrated even in the cases relied on by plaintiff. When defendant meets the burden by presenting evidence of how the accident occurred without fault on his part, the doctrine has accomplished its purpose and no longer remains in effect. As stated in *Nielsen* v. *Pyles,* 322 Ill. App. 574, 54 N.E.2d 753, 756:

> "* * * As soon as evidence is produced which is contrary to the presumption which arose before the contrary proof was offered the presumption vanishes entirely * * *."

Plaintiff, in the presentation of the case for liability

---

[1] Specifications of error I, II and V are considered under this category of the applicability of the doctrine of *res ipsa loquitur*.

Error I: "The Circuit Court erred in denying the plaintiff's motion for a directed verdict at the close of all the evidence [under the doctrine of *res ipsa loquitur*] * * *."

Error II: "That the Court erred in refusing to give plaintiff's requested Instruction Number 1 [directing a verdict on liability against the defendant] * * *."

Error V: "That the Court erred in refusing to give over objection plaintiff's requested Instruction Number 12 [setting forth the doctrine of *res ipsa loquitur* and which will be quoted in the body of this opinion, *infra*] * * *."

testified and called defendant to the stand as an adverse witness. Plaintiff's version of the accident was as follows:

On April 14, 1961, at about 11:45 A.M., plaintiff delivered his wife to the main Fort Street entrance of the Liberty House. After she left the automobile he proceeded on Fort Street toward the ocean and stopped his car at the entrance to King Street in obedience to a red traffic light. He was at a complete stop waiting for the light to change when his Hillman automobile was struck from behind. Plaintiff was alone in the automobile, his foot was on the brake, and the force of the impact moved his vehicle about five feet forward. After the collision, plaintiff got out of his car, observed the damage to the rear end, and saw an old model Packard about five feet behind his car. Defendant, the driver of the Packard, spoke to plaintiff and inquired if he was hurt. When plaintiff asked defendant what had happened, defendant didn't say anything— he just apologized. He did not state that the brakes had not worked. No oil or debris was observed by plaintiff near his car.

Defendant, as an adverse witness, testified, in substance, that while driving in Honolulu on Fort Street, near the Liberty House crosswalk he was looking for a space in which to park his car. He was "rolling" about "five miles" hoping that someone would pull out from a parking place. He saw plaintiff's car stopped for the red traffic light for the first time just before defendant had come to the Liberty House crosswalk in the middle of the block on Fort Street between Hotel and King Streets. At the crosswalk he put his foot on the brakes and they worked "fine." He kept his foot on the brake, without pressing, and when he was thirteen feet nine inches[2] behind plaintiff's car he pressed down on the brake but it "didn't

---

[2] Determined by reference to a space in the courtroom indicated by defendant while testifying.

work." There was no friction or resistance and the brake "just went down." He "went" for the emergency brake but it was too late and he "bumped right into him." He had pulled out the emergency brake two inches but he was so close he "banged" right into the plaintiff. He couldn't swerve one way or the other because "cars were parked on the side." The brake on the defendant's car was an oil hydraulic brake. It was working "fine" at every other stop he had made that day. He lived at the home of the owner of the car and had driven this "family" car many times before. He said there was no oil or debris on the road near the point of impact. There were no passengers in defendant's car.

After plaintiff's case was closed, defendant rested without presenting any further testimony or additional evidence. In this posture of the case, there was no evidence as to the condition of the brakes after the collision or if or where the brakes were repaired. Nor was it established when or where the brakes were last serviced, inspected or tested.

In considering the applicability of the doctrine of *res ipsa loquitur* to the operation of the motor vehicle in question by defendant, we are of necessity confined to the specific procedural situations in which the question was raised in the trial court. Since the presumption of negligence arising under that doctrine when applied is a rebuttable one, the explanation of the accident's occurrence offered by the defendant, albeit as an adverse witness, necessarily raised the issue of negligence versus unavoidability for the jury to resolve. In doing so, it precluded the trial judge from directing a verdict for the plaintiff or granting judgment notwithstanding the contrary result reached by the jury.

The evidence so introduced by the plaintiff disclosed how the event occurred and made it appear that it was

through no fault of the defendant. *Dabroe* v. *Rhodes Company,* 64 Wash. 2d 444, 392 P.2d 317, 322. Any further evidence as to the condition of the brakes or the physical facts at the scene of the accident would merely serve to either corroborate or impeach defendant's testimony. It was up to the jury to determine whether or not the accident was caused by a sudden unexpected brake failure.

In this factual atmosphere,[3] no instruction was required to assist the jury on this question since the doctrine of *res ipsa loquitur* is merely procedural and not a rule of substantive law and is based on common sense to withstand the challenge of a nonsuit. *Chase* v. *Beard,* 55 Wash. 2d 58, 346 P.2d 315. *Cf., Morgan* v. *Yamada,* 26 Haw. 17. In *Ritchie* v. *Thomas,* 190 Or. 95, 224 P.2d 543, 550-551, the court held that since the effect of the doctrine of *res ipsa loquitur* is merely to take the plaintiff's case to the jury (so as to preclude a nonsuit) there was no more reason for requiring the court to comment on this type of circumstantial evidence than upon any other type, and it was not error to refuse plaintiff's requested instruction.

In explaining the function of an evidentiary presumption in law, Professor Wigmore has this to say:

"A presumption * * * is in its characteristic feature a rule of law laid down by the judge, and attaching to one evidentiary fact certain *procedural conse-*

---

[3] When the evidence was insufficient to show how the injury probably could have occurred without the defendant's fault, it was not error to give an instruction covering the doctrine of *res ipsa loquitur* permitting, but not compelling, an inference of negligence. *Lorenc* v. *Chemirad Corp.,* 37 N.J. 56, 179 A.2d 401. *Cf., Ciacci* v. *Woolley,* 33 Haw. 247. Also, under such a factual situation, it was plain error not to give a *res ipsa loquitur* instruction where the jury had been instructed that "negligence is never presumed, it must be proved" which effectively deprived the plaintiff of the benefit of any inference of the negligence of the defendant. *Vespe* v. *DiMarco,* 43 N.J. 430, 204 A.2d 874. It was also felt there that the error was aggravated by the giving of an unavoidable accident instruction, and the court then went on to proscribe prospectively the giving of such an instruction in any case. However, we have not gone so far as to proscribe the giving of an unavoidable accident instruction in all cases, see *infra.*

*quences* as to the duty of production of other evidence by the opponent * * *.

"* * * [The] peculiar effect of a presumption 'of law' * * * is merely to invoke a rule of law compelling the jury to reach the conclusion *in the absence of evidence to the contrary* from the opponent. If the opponent *does* offer evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule * * *."

IX Wigmore, *Evidence,* § 2491.

Professor Thayer is in accord, asserting that once the opponent has introduced evidence, the presumption has served its purpose and the case proceeds as though there had been no presumption. Thayer, *A Preliminary Treatise on Evidence at the Common Law,* p. 346 (1898).

Plaintiff's requested Instruction Number 12,[4] which was refused over objection reads as follows:

"You are instructed that since the automobile operated by defendant, ERNEST K. KALAMAU, was under his exclusive control immediately prior to the collision and since plaintiff's car was stopped at the intersection in obedience to a traffic light when struck in the rear by defendant's car, you may infer from the collision itself under these circumstances, without a *credible* explanation of the cause of the collision, that

---

[4] Defendant contends that plaintiff failed to object and may have even acquiesced in the trial court's refusal to give plaintiff's requested Instruction Number 12 and that consequently such refusal will not be reviewed upon appeal under H.R.C.P., Rule 51(e). Considering the conversation that occurred in connection with this instruction, defendant's contention would be literally so. However, considering the record as a whole it is apparent that the objection made by plaintiff to the denial of a directed verdict and the refusal to give plaintiff's requested Instruction Number 1 was likewise applicable to this instruction. The refusal to give Instruction Number 12 may be reviewed upon appeal. *Couto* v. *United Fruit Co.,* 203 F.2d 456 (2d Cir. 1953) ; *Irvin Jacobs & Co.* v. *Fidelity & Deposit Co. of Maryland,* 202 F.2d 794 (7th Cir. 1953) ; *Di Bari* v. *Fish Transport Co.,* 275 F.2d 280 (2d Cir. 1960) ; *Hasselbrink* v. *Speelman,* 246 F.2d 34 (6th Cir. 1957).

the collision was caused by the defendant's negligence.

"Since, however, the burden of proof is upon the plaintiff to prove by a preponderance of the evidence that the defendant was negligent, it is essential in order to hold the defendant negligent by such inference, that the evidence supporting an inference of negligence have greater weight and more convincing force than all evidence to the contrary." (Emphasis added.)

This instruction, apart from being unnecessary under the state of the evidence as seen above, and possibly misleading in the second paragraph as compelling rather than permitting the inference of negligence, focuses unwarranted attention in the first paragraph on the credibility of defendant's explanation. The only explanation given of the cause of the accident was in the words of the defendant and by the use of the adjective "credible" the trial judge would have been commenting on the credibility of defendant's testimony when no attack as to such had been made under the evidence.

As to the doctrine's applicability to the negligent maintenance of the brakes of the motor vehicle,[5] defendant had no right of control over the instrumentality at the time such negligence, if any, was committed. *Ciacci* v. *Woolley, supra,* 33 Haw. 247. The doctrine has no application in this connection against the borrower of an automobile for whom the brakes worked properly at all times before the accident since any negligence in connection with their maintenance must have occurred prior to his possession and control. Such user of the motor vehicle had no duty or responsibility in connection with the maintenance of the vehicle.

[5] The complaint stated two counts. While Count I charged negligent operation of the vehicle by defendant, Count II alleged negligence in operating a vehicle with defective brakes which defendant knew or should have known were defective. The case was not submitted to the jury under either or both counts specifically, but under the theory of negligence generally.

We find no error in the trial judge's refusal to grant a directed verdict for the plaintiff or a judgment for the plaintiff notwithstanding the jury's verdict for the defendant, nor in the trial judge's refusal to give plaintiff's requested Instruction Number 12.

Under plaintiff's second category of errors,[6] relating to the legal effect to be given a violation of a traffic ordinance dealing with maintenance of motor vehicles, he complains of the refusal of the trial court to give the hereinafter quoted portion of his requested Instruction Number 7, which after setting out portions of Sections XX and XXI of the Traffic Code of the City and County of Honolulu, stated:

"And you are further instructed that the failure to use reasonable care to comply with said provisions of the law would be negligence as a matter of law, and therefore, if you find from a preponderance of all of the evidence that the defendants [*sic*] failed to use reasonable care to have said motor vehicle, operated by Defendant, ERNEST K. KALAMAU at the time of the accident, with adequate and safe brakes sufficient to promptly check the speed of and to stop the vehicle, and that such failure was a direct and proximate cause of any injuries suffered by Plaintiff, RAFAEL S. GUANZON, then your verdict must be in favor of the Plaintiff, RAFAEL S. GUANZON, and you shall award him such damages as you believe just under these instructions."

[6] Error I, see footnote 1, *supra*.

Error II: "That the Court erred in refusing to give plaintiff's requested Instruction Number 1 [directing a verdict on liability against the defendant] * * *."

Error III: "That the Court erred in refusing to give over objection plaintiff's requested Instruction Number 3 [set out in the body of the opinion, *infra*] * * *."

Error IV: "That the Court erred in refusing to give over objection the * * * portion of plaintiff's requested Instruction Number 7 [set out in the body of the opinion, *infra*] * * *."

This requested instruction was confusing and misleading in that it is apparent that it was drafted to apply to the owner of the motor vehicle rather than to defendant who was only the bailee.[7]

Whether or not defendant, a mere bailee, violated any section of the traffic code pertaining to the care and maintenance of brakes was a question for the jury. The trial judge properly instructed the jury that they could consider the pertinent sections of the traffic code, above referred to, in determining the question of defendant's negligence. According to defendant's testimony, the brakes worked perfectly prior to the accident and he had no reason to believe that they would suddenly cease to function. Under these facts defendant did not violate the traffic code unless a person could be held to have violated the ordinance without any fault on his part. *Cf., Albers* v. *Ottenbacher,* 79 S.D. 637, 116 N.W.2d 529.

Plaintiff recognized, in his requested Instruction Number 7, *supra,* and in agreeing to defendant's requested Instruction Number 5, *infra,* that some failure to use reasonable care must be shown. To justify a finding of negligence it must be determined that a reasonably prudent man would not have done what defendant did. This was the question for the jury. It cannot be said that driving a borrowed automobile with apparently good brakes is negligence simply because the brakes failed unexpectedly. The burden on the owner of the automobile to justify his conduct in these circumstances may well be considerably heavier. *Cf., Ponce* v. *Black,* 224 Cal. App. 2d 159, 36 Cal. Rptr. 419 (Dist. Ct. App., 2d Dist.).

The case of *Albers* v. *Ottenbacher, supra,* relied on by plaintiff, is hardly determinative of this question. There the defendant drove his own car from his home and it

___

[7] Plaintiff had mistakenly sued as co-defendant, George Tahara doing business as Cine-Pic Hawaii, as the owner of the car and the court earlier during the trial dismissed the case as to George Tahara.

failed to stop the first time he applied the brakes. The opinion recognizes that a driver would not be liable for violating a statute if the violation was beyond his control but the court obviously felt that the defendant should have determined whether or not his brakes were working properly before he left home. 116 N.W.2d 531. Here, according to defendant's testimony, the brakes had been tested, as it were, through effective use on several occasions immediately prior to the accident. *Cf., Sothoron* v. *West,* 180 Md. 539, 26 A.2d 16, cited in *Albers, supra.*

Plaintiff's requested Instruction Number 3 is slanted to emphasize plaintiff's evidence and is misleading in that it attempts to blame defendant for the brake failure. The instruction reads as follows:

"The driver of a motor vehicle is bound to use reasonable care to see that the vehicle driven by him is in a safe and proper condition for use upon a highway, and a person who undertakes to drive an automobile on the public highway is charged with notice of any defect therein affecting its operation which a reasonable inspection or test would disclose. The mere fact that a driver acts in an emergency when the brakes fail to work is no excuse for negligence where the injury could have been avoided had the brakes been in good condition."

The subject matter of this instruction was adequately and properly covered by defendant's Instruction Number 5 which was given by agreement and stated:

"Where the brakes of an automobile have previously functioned properly, but suddenly fail to respond, their failure alone does not render the driver guilty of negligence unless he had, or in the exercise of reasonable care should have had, knowledge of the defective condition, and unless he failed to exercise due care after he discovered the failure."

Accordingly, we find no error in the trial judge's refusal to direct a verdict in favor of plaintiff or to enter a judgment for plaintiff notwithstanding the verdict and to give plaintiff's Instruction Number 3 and the portion of plaintiff's Instruction Number 7 above referred to.

Under plaintiff's third category of errors[8] dealing with the unavoidability of the accident we first consider plaintiff's requested Instruction Number 14. This reads as follows:

> "Defendant, ERNEST KALAMAU, claims that he was not negligent because of a sudden foot brake failure. In determining whether he was negligent you may consider his testimony that he had an emergency brake and did not use it. In other words, even though you believe that his foot brakes, through no negligence of his, suddenly failed, the accident was avoidable if he was negligent in failing to use the emergency brake after the discovery of the claimed brake failure, and such negligence directly and proximately caused the collision."

The instruction was improper in that it misstated the evidence. Defendant testified that he used the hand brake but was unable to stop in time:

> "Q. Now, you had an emergency brake?
> "A. Yes. I went for it but it was too late. I bumped right into him. I pulled it out about two inches.
> "Q. You did actually start to apply the emergency brake?
> "A. I already had my hand on it. I pulled it out two inches and I was so close to him I banged right into him."

---

[8] Error VI: "That the Court erred in refusing to give over objection plaintiff's requested Instruction Number 14 [set forth in the body of the opinion, *infra*] * * *."

Error VII: "That the Court erred in giving defendant's Instruction Number 11-A over objection of the plaintiff [relating to unavoidability of the accident, set forth in the body of the opinion, *infra*] * * *."

Furthermore, the instruction misleadingly and unduly emphasized part of the evidence favorable to plaintiff. *Estate of Ching,* 46 Haw. 127, 376 P.2d 125. It was for the jury to decide if any particular act or omission of the defendant constituted negligence and the trial court should not charge the jury that any particular act might amount to negligence.

Plaintiff's contention that "whether the defendant actually used the hand brake or whether he used it in time to avoid a possible collision was a question of fact for the jury" has merit. We also agree that "the jury was certainly entitled to consider as [a] separate ground of negligence whether or not defendant acted properly after the discovery of the claimed failure of the [foot] brakes" but such could have been accomplished by argument under plaintiff's requested Instruction Number 13 given by agreement, set out *infra,* without the undue emphasis and confusion through misstated evidence inherent in plaintiff's Instruction Number 14 under consideration.

Finally plaintiff objected to the giving of an unavoidable accident instruction. This instruction (defendant's requested Instruction Number 11-A) read as follows:

"In law, we recognize what is termed an unavoidable accident. This term does not mean literally that it is not possible for such an accident to be avoided. It simply describes an accident that occurred without having been proximately caused by negligence.

"Thus, if you find that under the facts of this case the accident was such an unavoidable accident, you may not award the plaintiff any damages."[9]

Although *Nawelo* v. *Von Hamm-Young Co.,* 21 Haw. 644, approved an unavoidable accident instruction, that case did not authorize such an instruction in every negli-

---

[9] The form and content of the instruction are not at issue, only the giving of an unavoidable accident instruction *per se.*

gence case. *Franco* v. *Fujimoto,* 47 Haw. 408, 390 P.2d 740. In *Franco,* upholding the trial judge's refusal to give an unavoidable accident instruction, this court at page 437 declared that "whether or not such an instruction should be given depends entirely upon the facts of the particular case" since "it is impossible to announce a fixed rule applicable to all cases by which it can be decided just when the issue of unavoidable accident is presented." The test then suggested by *Franco* is that:

"* * * In order to determine whether such issue [unavoidable accident] is involved, the facts of each particular case must be examined with the view of ascertaining whether there is presented a theory under which the accident could have happened, notwithstanding all the persons concerned exercised the degree of care required by law."

Nonetheless, *Franco* goes on to caution that "exceptional circumstances are required to warrant such an instruction" quoting, with approval from the extended annotation on *Unavoidable Accident Instruction* in 65 A.L.R. 2d at pp. 23-24: "* * * the better course would appear to be to omit the instruction except in those instances in which quite plainly it is peculiarly appropriate."

The recent case of *Fenton* v. *Aleshire,* 238 Or. 24, 393 P.2d 217, called to our attention by counsel subsequent to argument, joins *Butigan* v. *Yellow Cab Co.,* 49 Cal. 2d 652, 320 P.2d 500, in disapproving the giving of an unavoidable accident instruction in any case.[10] As stated in *Franco,* "we are unwilling to go that far."

Mechanical failure or malfunction due to a latent defect would clearly seem to constitute "exceptional circum-

---

10 Whether *Butigan, supra,* actually disapproved generally the giving of an unavoidable accident instruction, questioned in *Franco, supra,* appears doubtful from the later California case of *Sheppard* v. *City of Los Angeles,* 172 Cal. App. 2d 338, 342 P.2d 282, which upheld the judgment against the plaintiff where such an instruction had been given on the grounds that it had not denied plaintiff a fair trial.

stances" and an instance in which the unavoidable accident instruction "is peculiarly appropriate." In the extended annotation, above referred to in 65 A.L.R. 2d at page 102, we find the following statement:

"In most jurisdictions [except those generally disapproving such instruction], an 'unavoidable accident' or an equivalent accident instruction will be at least proper in a motor vehicle accident case where there is evidence that the misadventure resulted from sudden mechanical or tire failure of the defendant's vehicle, and without negligence on his part."

An unavoidable accident instruction has been deemed appropriate in cases involving claimed brake failures. *Reuter* v. *Olson,* 79 N.D. 834, 59 N.W.2d 830; *Ridley* v. *Young,* 127 Colo. 46, 253 P.2d 433. The fact that there was no avenue of escape[11] open to the defendant renders the circumstances "exceptional."

The principal reason for judicial reluctance to give an unavoidable accident instruction is concern that such instruction would be confusing and misleading to the jury. However, in the instant case the instruction could not possibly have been misleading in view of plaintiff's requested Instruction Number 13 which was also given. Each party was entitled to have his theory of the case presented under instructions to the jury, so long as supported by the evidence. Defendant's theory which the jury could accept was that he was not negligent and the accident was unavoidable which would result in no liability. On the other hand, if the jury adopted plaintiff's theory of the case, defendant was negligent and therefore

---

[11] The only evidence in the record relating to traffic conditions on Fort Street at the time of the accident is found in the answer to the question propounded by plaintiff's counsel to defendant, who was called to testify by plaintiff as an adverse witness:

"Q. Did you attempt to swerve from Mr. Guanzon [plaintiff] one way or the other when you noticed the brake was not working?

"A. No, sir, I couldn't. The cars were parked on the side."

liable, as set forth in plaintiff's requested Instruction Number 13 which was given by agreement and stated:

> "If you find from all the evidence under these instructions that negligence of the defendant, ERNEST KALAMAU, directly and proximately caused the collision with plaintiff GUANZON'S automobile, then such collision was avoidable."

While the refusal by the trial judge to have given defendant's requested Instruction Number 11-A might well have not been error (*cf., Franco* v. *Fujimoto, supra,* 47 Haw. 408, 390 P.2d 740), clearly the giving of this instruction, setting forth defendant's view of the case, in conjunction with plaintiff's requested Instruction Number 13, was not prejudicial since no juror could have been misled. There was no error in the giving of defendant's Instruction Number 11-A and the refusal to give plaintiff's requested Instruction Number 14.

The issue of negligence versus unavoidability thus clearly and simply presented was resolved by the jury in its verdict for the defendant. We can find no valid reason for disturbing that determination.

The judgment appealed from is affirmed.

*Kenneth E. Young* (also on the briefs) for plaintiff-appellant.

*Thomas M. Waddoups* (*Frank D. Padgett* and *Robertson, Castle & Anthony* on the brief) for defendant-appellee.

---

DISSENTING OPINION OF MIZUHA, J.

In *Butigan* v. *Yellow Cab Co.,* 49 Cal. 2d 652, 320 P.2d 500, the Supreme Court of California, after a careful re-examination of the question of giving of an unavoidable accident instruction, overruled a long line of California decisions and held that:

"In the modern negligence action the plaintiff must prove that the injury complained of was proximately caused by the defendant's negligence, and the defendant under a general denial may show any circumstance which militates against his negligence or its causal effect. The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. * * * The Statement in the quoted instruction on 'unavoidable or inevitable accident' that these terms 'simply denote an accident that occurred without having been proximately caused by negligence' informs the jury that the question of unavoidability or inevitability of an accident arises only where the plaintiff fails to sustain his burden of proving that the defendant's negligence caused the accident. Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose."

This court in commenting on the *Butigan* decision, on March 24, 1964 in *Franco* v. *Fujimoto,* 47 Haw. 408, 441, 390 P.2d 740, 758, stated:

"* * * We are unwilling to go that far but we refer to the case since the instruction involved in it included, in part, the language of Defendant's Requested Instruction No. 31, and the California high court determined that the instruction was not only unnecessary but also confusing."

I joined in that portion of the opinion which held that the refusal of an unavoidable accident instruction was not error.

After re-examining this question, I have reached the conclusion that an instruction on unavoidable accident is

not only unnecessary, but it is also confusing and should never be given in an action based on negligence.

Prior to June 1964, the Supreme Court of Oregon had taken the position that the unavoidable accident instruction should not be given in the ordinary case, that it should be given with caution, and that in the proper case the giving of such an instruction was discretionary with the court. But in *Fenton* v. *Aleshire,* 238 Or. 24, 34, 393 P.2d 217, 222, the court, after a careful review of its previous cases, reached the conclusion that "the instruction on unavoidable accident should not be given in any case," and held that:

"In the modern law of negligence the doctrine of 'unavoidable accident,' or, as it is sometimes called, 'inevitable' or 'pure' accident, is an anomaly. By definition—at least by the definition adopted by this court—it has no place as a separate and independent element in an action based on negligence. * * * As this court has repeatedly declared, an unavoidable accident is nothing more nor less than an accident which occurs without anyone's fault. In practical effect, when included in the charge of the court to the jury, it is lagniappé to the defendant—not only because it is an added 'you-should-find-for-the-defendant' type of instruction, but because it may be misunderstood by the jury as constituting some sort of separate defense. By its very nature it has led this court—and we apprehend other courts—to regard the refusal to give the instruction as no ground for reversal, to attempt to delimit the type of cases to which it is applicable, to declare that even in those cases it is discretionary with the trial judge and to admonish caution in the use of the instruction. What is to guide the discretion of the judge in a particular case is by no means clear. * * *"

In November 1964, the Supreme Court of Colorado in

*Lewis* v. *Buckskin Joe's, Inc.,* —— Colo. ——, 396 P.2d 933, 941-42, expressly overruled previous opinions on unavoidable accident instructions and stated:

"* * * Instructions on negligence and contributory negligence are sufficient and inclusive of so-called unavoidable accidents. To further instruct on unavoidable accident serves only to twice tell the jury that the plaintiff cannot recover unless he proves negligence.

"Though this court has sanctioned the giving of instructions on unavoidable accident and, on occasion, held it to be reversible error to refuse to so instruct, we now determine that to give such instruction or to recognize unavoidable accident in an action based on negligence, as an independent element, separate and apart from negligence and contributory negligence, is improper.

\* \* \* \* \* \* \* \* \*

"We conclude that from and after announcement of this opinion an instruction on unavoidable accident should never be given; and, though recognizing that accidents may be unavoidable, now go on record holding that a plea of unavoidable accident may not be set up as a separate or independent defense and that to now instruct on unavoidable accident is error. * * *"

"Unavoidable accident" is simply another way of saying that the defendant is not negligent. It is nothing more than a denial of negligence, or, if there was any negligence, a finding that it was not the proximate cause of the injury. The defendant is not entitled to have his defense overemphasized by an instruction on unavoidable accident. When jurors are instructed that "in law, we recognize what is termed an unavoidable accident," as in this case, "they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may

be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation." *Butigan* v. *Yellow Cab Co.,* 49 Cal. 2d 652, 320 P.2d 500, 505.

I would reverse on the ground that the unavoidable accident instruction should not have been given.