**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000941
06-MAR-2024
09:55 AM
Dkt. 63 SO**

NO. CAAP-18-0000941

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAM FORESMAN, a single man,
Plaintiff/Counterclaim Defendant-Appellee, v.
JOHN FORESMAN, a single man,
Defendant/Counterclaim Plaintiff-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC16-1-000705)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Defendant/Counterclaim Plaintiff-Appellant John
Foresman (**Uncle**) appeals from the Circuit Court of the First
Circuit's November 28, 2018 Final Judgment awarding
Plaintiff/Counterclaim Defendant-Appellee William Foresman
(**Nephew**) $50,000.00 in general damages and $200,000.00 in
punitive damages, in accordance with a jury verdict.[1]

---

[1] The Honorable Keith K. Hiraoka presided.

Nephew sued Uncle for civil damages under Hawaiʻi Revised Statutes (**HRS**) § 657-1.8 (2016),[2] asserting Uncle sexually molested him between 1975 and 1976, when Nephew was approximately 7 and 8 years old, and Uncle was approximately 15 and 16 years old.

The gravamen of Uncle's appeal challenges HRS § 657-1.8 as unconstitutional for imposing punishment for acts committed in 1975 and 1976, despite those acts not constituting criminal offenses at the time.[3]  See Peugh v. United States, 569

---

[2]  HRS § 657-1.8 allows for "[a] civil cause of action for the sexual abuse of a minor . . . based upon sexual acts that constituted or would have constituted a criminal offense under part V or VI of [HRS] chapter 707."

[3]  Uncle raises five points of error on appeal:

 (1) HRS § 657-1.8 is an unconstitutional *ex post facto* law under article I, section 10, clause I of the United States Constitution;

 (2) HRS § 657-1.8 is an unconstitutional *ex post facto* law under the Hawaiʻi Constitution;

 (3) HRS § 657-1.8 is unconstitutional as it deprives persons of life, liberty, or property without due process of law as required under the Fourteenth Amendment to the United States Constitution;

 (4) HRS § 657-1.8 is unconstitutional as it deprives persons of life, liberty, or property without due process of law as required under article I, section 5 of the Hawaiʻi Constitution; and

 (5) the circuit court erred in instructing the jury to determine civil sexual abuse claims based on the elements of subsequently enacted crimes.

All these points turn on whether HRS § 657-1.8 violates the United States Constitution's prohibition against *ex post facto* laws.

Uncle contends HRS § 657-1.8 violates due process under the United States and Hawaiʻi Constitutions **solely** because it violates the prohibition

(continued . . .)

U.S. 530, 532-33 (2013) ("The Constitution forbids the passage of *ex post facto* laws, a category [including] '[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'") (quoting Calder v. Bull, 3 U.S. 386, 390 (1798)). Nephew argues, inter alia, Uncle failed to raise an *ex post facto* challenge below and failed to submit instructions he claims to have been entitled.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced by the parties, we affirm.

**(1)** We first address Nephew's waiver arguments. Nephew argues Uncle waived his constitutional challenge by failing to expressly argue to the circuit court that HRS § 657-1.8 violates the *ex post facto* clause. However, Uncle objected to the approved jury instructions on the basis that his liability would turn on elements of crimes which did not exist

---

(. . . continued)

against *ex post facto* laws. Moreover, the Hawaiʻi Constitution does not contain its own *ex post facto* clause; it bars *ex post facto* measures by virtue of its prohibition against "legislation not inconsistent with . . . the Constitution of the United States." Hawaiʻi Const. art. III, § 1; State v. Guidry, 105 Hawaiʻi 222, 236, 239, 96 P.3d 242, 256, 259 (2004). Lastly, Uncle provided no discernable argument on Point 5; thus, we deem it waived, or at a minimum, subsumed within the *ex post facto* argument. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7); Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 472 n.17, 164 P.3d 696, 730 n.17 (2007).

at the time of the incident, violating "fundamental fairness" under "the Constitution."  The United States Supreme Court has observed the *ex post facto* clause "safeguards 'a **fundamental fairness interest** . . . in having the government abide by the rules of law it establishes to govern the circumstances under which it can deprive a person of his or her liberty or life.'" Peugh, 569 U.S. at 544 (emphasis added) (quoting Carmell v. Texas, 529 U.S. 513, 533 (2000)).  Thus, Uncle's objection sufficiently preserved the *ex post facto* issue.

Nephew also argues Uncle invited the error by not supplying the circuit court with a form of special jury instructions containing elements of sexual abuse crimes in effect at the time of the incidents.  However, after the circuit court indicated it would submit Nephew's proposed instructions to the jury, Uncle objected, stating the crimes referenced in the jury instructions "should be the ones that are defined as of the date of the alleged incident."  Thus, Uncle did not agree to the portion of the instructions now being contested, nor did he leave his objection unspoken.  See Moyle v. Y & Y Hyup Shin Corp., 116 Hawaiʻi 388, 397, 173 P.3d 535, 544 (App. 2007), vacated on other grounds, 118 Hawaiʻi 385, 191 P.3d 1062 (2008).

**(2)** Next, Uncle contends HRS § 657-1.8 violates the *ex post facto* clause because it imposes a punishment for acts committed in 1975 and 1976, even though they did not constitute

4

criminal offenses at that time. He argues: (1) sexual assault was not a crime in 1975 and 1976, and the similar crimes of first and second degree rape under HRS §§ 707-730 (1976) and 707-731 (1976) required that a male engage in sexual intercourse or sexual contact with a female; (2) indecent exposure was a crime in 1975 and 1976, but the then-existing version under HRS § 707-738 (1976) required additional proof of "intent to gratify sexual desire"; (3) continuous sexual assault of a minor was not a crime in 1975 and 1976, and the similar crime of first degree sexual abuse under HRS § 707-736 (1976) required proof of "intent to gratify sexual desire"; and (4) Nephew is not a female, and the jury was not instructed on "intent to gratify sexual desire."

Uncle further contends liability is a form of punishment under United States v. Reisinger, 128 U.S. 398 (1888), and that "[c]reating liability for a past act that did not impose liability at the time of it's [sic] alleged commission inflicts greater punishment then when committed." Citing DeVeau v. Braisted, 363 U.S. 144 (1960), he argues the determining factor is whether the "legislative aim was to punish" an individual for past activity, rather than as a restriction incident to regulation of a present situation.

The *ex post facto* clause pertains to statutes with a punitive intent, whether classified as criminal or civil. See

5

Smith v. Doe, 538 U.S. 84, 95 (2003). "If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive," then the court determines whether the statute's punitive effect overcomes any nonpunitive intent. Smith, 538 U.S. at 92.

HRS § 657-1.8 is not part of Hawaii's penal code, and the legislature has expressly indicated its purpose is "to provide victims of sexual abuse a fair chance to bring a civil action against an individual or entity." S. Stand. Comm. Rep. No. 2473, in 2012 Senate Journal, at 1033, https://www.capitol.hawaii.gov/journal/senate/2012/Senate_Journal_2012_Committee_Reports.pdf [https://perma.cc/MD49-EDBM]. Thus, legislative intent was not punitive.

As to whether the statute's punitive effect overcomes any nonpunitive intent, we apply the seven factors set out in Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963), and conclude:

(1)  creating a civil cause of action for victims of sexual abuse of a minor does not involve an affirmative disability or restraint;

(2)  allowing for or extending the time for a civil cause of action has not been historically regarded as a punishment;

(3) because claims against persons turn on whether the acts committed would have constituted criminal offenses, it appears that scienter is a requirement;

(4) permitting a cause of action for damages for criminal behavior arguably promotes traditional aims of punishment-retribution and deterrence;

(5) the behavior to which it applies is already a crime;

(6) the alternative purpose of providing opportunity for compensation for a victim is clearly assignable; and

(7) providing a cause of action—which may not ultimately result in an award—does not appear excessive in relation to the purpose of providing an opportunity for a sex abuse victim to obtain compensation.

See 372 U.S. at 168-69; State v. Guidry, 105 Hawaiʻi 222, 235-36, 96 P.3d 242, 255-56 (2004).

Factors (3), (4) and (5) weigh in favor of an *ex post facto* violation, and the remaining four factors weigh against. Therefore, "it cannot be said that [Uncle] has provided the 'clearest proof' that the statutory scheme is so punitive it has negated the State's remedial purpose." Guidry, 105 Hawaiʻi at

236, 96 P.3d at 256.  Consequently, Uncle fails to show that the statute violates the federal *ex post facto* clause.[4]

Accordingly, we affirm the circuit court's November 28, 2018 Final Judgment.

DATED:  Honolulu, Hawai'i, March 6, 2024.

On the briefs:

Scot Stuart Brower,
for Defendant/Counterclaim
Plaintiff-Appellant.

Brandee J.K. Faria,
Sidney S. Royer,
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[4] In accordance with principles of judicial restraint, Rees v. Carlisle, 113 Hawai'i 446, 456, 153 P.3d 1131, 1141 (2007), this summary disposition order shall not be construed as affirmatively determining that HRS § 657-1.8 does **not** violate the *ex post facto* clause, but only that Uncle has failed to demonstrate otherwise in this appeal.